## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02064-DME-MJW

CANDACE MCNEIL,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

---

### STIPULATED PROTECTIVE ORDER ( Docket no. 14-1 )

---

      Plaintiff Candace McNeil and Defendant Wells Fargo Bank, N.A. ("Wells Fargo," collectively with Plaintiff, the "Parties"), stipulate and move, pursuant to Rule 26(c) of the Federal Rules Of Civil Procedure, for a Protective Order governing the treatment and handling of Confidential Information, as defined in Paragraph 1 below.

      In this action, at least one of the Parties has sought Confidential Information in discovery. The Parties may seek and be required to provide additional Confidential Information during discovery (including responses to interrogatories, document requests and requests for admissions). In addition, there will be questioning concerning Confidential Information in the course of depositions. Furthermore, responses to subpoenas duces tecum, inspections, examinations of premises, facilities, and physical evidence, witness interviews and other information given or exchanged by and among the Parties and non-Parties to this action may involve Confidential Information. The Parties assert the disclosure of such Confidential Information outside the scope of this

EXHIBIT A

litigation could result in injury to one or more of the Parties business or privacy interests. Because there is good cause for the entry of a protective order, the Court therefore enters this Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

IT IS ORDERED:

1.     As used in this Protective Order, the term "Confidential Information" means any document, exhibit, file, portions of files, transcribed testimony (including deposition testimony), response to subpoenas deuces tecum, inspections, examinations of premises, facilities, and physical evidence, witness interviews, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated by one of the Parties in the manner provided in paragraphs 7 or 8 below as CONFIDENTIAL. In addition, "Confidential Information" shall include, but not be limited to, the following types of information whether or not designated by one of the Parties in the manner provided in paragraphs 7 or 8 below as CONFIDENTIAL:

a.     documents and information that contain medical, psychological, disability, or financial records or information of a party;

b.     the producing party considers the document or information to be proprietary, sensitive and/or of such nature that it is not generally known or capable of independent discovery or discernment (including, but not limited to, non-public information relating to Wells Fargo's business operations, policies and procedures, as well as the personnel records of Wells' Fargo's employees);

2

c.    the producing party reasonably believes the document or information to be of such a nature that it would not otherwise be readily available in the public domain; or,

d.    any other material qualifying for protection under Fed. R. Civ. P. 26(c) and/or the Uniform Trade Secrets Act, C.R.S. § 7-74-101 *et. seq.*

2.    As used in this Protective Order the term "document" is defined as provided in C.R.C.P. 34(a)(1).  A draft or non-identical copy is a separate document within the meaning of this term.

3.    The designation of information as CONFIDENTIAL must be based on a good faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed. R. Civ. P. 26(c).

4.    Confidential Information shall not be disclosed or used for any purpose other than the preparation and trial of this case.  Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

5.    Confidential documents, materials and/or information (collectively "Confidential Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

a.    Attorneys actively working on this case;

b.    Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said

3

attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.    The Parties, including the Parties' employees, officers and directors actively participating in the preparation and trial of this case;

    d.    Expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e.    The Court and its employees ("Court Personnel");

    f.    Stenographic reporters who are engaged in proceeding necessarily incident to the conduct of this action;

    g.    Other persons by written agreement of the Parties; and,

    h.    Witnesses or prospective witnesses in this case, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case.

6.    Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reports), counsel shall provide such person with a copy of this Protective Order and obtain from such person an agreement that he or she has read this Protective Order, agrees to be bound by its provisions, and submits to the jurisdiction of the Court for purposes of enforcing the Protective Order.  All such original agreements shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

7.    When Confidential Information is produced, disclosed or otherwise

provided by a party in response to any discovery request it may be designated as Confidential Information by imprinting or affixing the word CONFIDENTIAL on the first page or cover of any document produced, or next to or above any response to a discovery request, in a manner that will not interfere with the legibility of the document or response.  Failure to so designate as Confidential Information is not a requirement or prerequisite for information to be Confidential, as confidential information has or may have already been exchanged between the Parties, and/or the Parties have or may have already obtained Confidential Information by way of discovery responses, medical records, medical authorizations, disclosures by the Parties or through other means.

8.     Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof may be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation may be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  Failure to so designate information identified in Paragraph 1(a)-(d) as Confidential Information is not a requirement or prerequisite for that information to be confidential.

9.     A party may object to the designation of certain information as CONFIDENTIAL within fourteen (14) days from the receipt of such document or information, by sending notice of such objection to the designating party in writing, identifying the confidential document or information as to which objection is made.  The designating party shall respond within fourteen (14) days from receipt of such notice.  If

the Parties cannot agree with respect to the treatment to be accorded the document or information that has been designated as CONFIDENTIAL, any party may seek a ruling from the Court with respect to that designation.  The document or information shall continue to have CONFIDENTIAL status from the time it is produced until the ruling by the Court.

10.    When filing any documents that contain Confidential Information, the party filing such documents must move the Court to restrict public access to the documents, and follow all procedures for restricting access to such Confidential Information at a Level 1 restriction level pursuant to D.C.COLO.LCivR 7.2.  All such materials so filed shall be released from confidential treatment only upon further order of the Court.

11.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until Termination of This Case.

MJW
10-15-12

12.    At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, counsel are entitled to retain copies thereof, pursuant to this agreement, or may destroy or return copies to counsel for the party to whom the document or documents relate.

13.    The remedy for violations of this Protective Order shall be as follows:

a.    For willful violation of the Protective Order, the remedy may include sanctions as determined by the Court and private remedies for damages resulting from the breach.

b.    For non-willful violation of the Protective Order, the remedy is

limited to sanctions as determined by the Court.

14.     The Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

WHEREFORE, upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of Confidential Information in this case,

IT IS ORDERED that the Stipulated Protective Order of the Parties is approved and made an Order of the Court this 15TH day of October 2012.

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

STIPULATED AND AGREED TO BY APPROVED:

s/Andrew T. Brake
Andrew T. Brake
Andrew T. Brake, P.C.
777 East Girard Avenue, Suite 200
Englewood, Colorado 80113-2767
Telephone: 303.806.9000
Email: atbrake@gmail.com

Attorney For Plaintiff Candace McNeil

s/Darren E. Nadel
Darren E. Nadel
Alyson A. Smith
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Fax: 303.629.0200
E-mail: dnadel@littler.com
        aasmith@littler.com

Attorneys For Defendant
Wells Fargo Bank, N.A.

Firmwide:115094176.1 999999.4780

7